UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MICHAEL GIDEON,

        Petitioner,

    v.

CONSTANCE REESE, Warden,

        Respondent.

Civil No. 05-1388 (DSD/JGL)

**REPORT AND
RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.[1]  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

I.   **BACKGROUND**

In 1990, Petitioner was convicted of federal drug law offenses in the United States District Court for the Northern District of Florida.  He received a twenty-year prison sentence, which he is currently serving at the Federal Correctional Institution in Waseca, Minnesota.

Petitioner's conviction and sentence were affirmed on direct appeal.  United States v. Gideon, 915 F.2d 696 (11th Cir. 1990) (table), cert. denied, 498 U.S. 1097 (1991).  Petitioner

---

[1]  This action was originally brought in the United States District Court for the Southern District of Mississippi, but that Court recently transferred the case to this District, because Petitioner is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota, which is located in this District.  (See Memorandum Opinion and Order dated July 6, 2005; [Docket No. 11].)

represents that he has never challenged his conviction and/or sentence by filing a motion in the trial court under 28 U.S.C. § 2255. (Petitioner's "Memorandum Of Law In Support Of 28 U.S.C. § 2241 Petition," [Docket No. 1], p. 3.)

In his present application for habeas corpus relief, Petitioner claims that his sentence was based on factual determinations made by the trial court judge, rather than a jury, and that his sentence should therefore be set aside pursuant to the Supreme Court's decisions in Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005).

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition. It will therefore be recommended that this action be dismissed for lack of jurisdiction.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral

challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241").   No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, (or in any other non-2255 proceeding), unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

In this case, it is readily apparent that Petitioner is challenging the prison sentence that was imposed in his 1990 federal criminal case.  He claims that his constitutional rights were violated during the sentencing process, and that his sentence should therefore be vacated. Thus, the Court finds that the present petition is clearly subject to, and barred by, the § 2255 exclusive remedy rule.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255 by reason of the one-year statute of limitations that applies to motions brought under that statute. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Moreover, it is obvious that Petitioner has deliberately elected to seek relief under the

3

§ 2241 habeas corpus statute, because he believes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence.  He contends that his current petition is exempt from § 2255's exclusive remedy rule, and that he <u>can</u> challenge his conviction and sentence in a § 2241 habeas corpus proceeding, because he is not presently eligible for relief under § 2255.  That reasoning must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.  Congress could not have intended for the procedural limitations on § 2255 motions to be so easily evaded.  Accordingly, the Eighth Circuit Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... <u>or because Petitioner has allowed the one year statute of limitations and/or grace period to expire</u>." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added). <u>See</u> <u>also</u> <u>United States ex rel Perez v. Warden, FMC Rochester</u>, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the procedural limitations on § 2255 motions), <u>cert</u>. <u>denied</u>, 537 U.S. 869 (2002); <u>Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

4

The Court fully recognizes, of course, that <u>Blakely</u> and <u>Booker</u> had not yet been decided when Petitioner was pursuing his direct appeal, nor had those cases been decided when Petitioner's § 2255 one-year statute of limitations expired, and, therefore, Petitioner could not have previously challenged his sentence, based on those particular cases, in his direct appeal or in a timely § 2255 motion.  That does not mean, however, that § 2255 must be viewed as an "inadequate or ineffective remedy" for Petitioner's current claims based on <u>Blakely</u> and <u>Booker</u>.

In <u>Perez</u>, <u>supra</u>, the Eighth Circuit Court of Appeals held that federal prisoners cannot bring claims based on the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), (the direct precursor of <u>Blakely</u> and <u>Booker</u>), in a § 2241 habeas corpus petition, because, even though "a federal prisoner may never ventilate an <u>Apprendi</u> issue in a § 2255 motion," § 2255 is not considered to be an inadequate or ineffective remedy for such claims. 286 F.3d at 1062.  The Court explained its ruling in <u>Perez</u> as follows:

> "[Appellants'] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is <u>Apprendi</u> itself, <u>not the remedy by § 2255 motion</u>.  To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that <u>Apprendi</u> applies retroactively to past criminal convictions. Neither... [of the appellants] may raise an <u>Apprendi</u> claim in a second § 2255 motion unless and until <u>Apprendi</u> applies retroactively."

<u>Id</u>. (emphasis added).  The Court later added that –

> "Appellants' attempts to gain relief [under <u>Apprendi</u>] have not been hampered by the § 2255 remedy itself.  Rather, they cannot presently obtain relief because the constitutional doctrine announced in <u>Apprendi</u> has not been made retroactive by the Court."

<u>Id</u>.

The Court's reasoning in <u>Perez</u> is directly applicable to Petitioner's current claims based on <u>Blakely</u> and <u>Booker</u>.  If the holdings of <u>Blakely</u> and <u>Booker</u> established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," (as Petitioner contends), then he would have been accorded a new one-year limitations period in which to raise his <u>Blakely/Booker</u> claims in a § 2255 motion.  <u>See</u> 28 U.S.C. § 2255 ¶ 6(3). In fact, however, <u>Blakely</u> and <u>Booker</u> can<u>not</u> be applied retroactively on collateral review.  In <u>Never Misses A Shot v. United States</u>, No. 05-1233 (8th Cir. July 7, 2005), 2005 WL 1569403, (<u>per</u> <u>curiam</u>), the Eighth Circuit held that <u>Blakely</u> and <u>Booker</u> are <u>not</u> retroactively applicable on collateral review.[2]  The Court specifically stated that "the 'new rule' announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."  <u>Id.</u> at * 2.  Again, despite Petitioner's contentions to the contrary, <u>Blakely</u> and <u>Booker</u> are not retroactively applicable on collateral review.[3]

As the Court of Appeals explained in <u>Perez</u>, <u>it is the absence of retroactive applicability</u>

_____

[2] Every other federal appellate court that has considered whether <u>Blakely</u> and <u>Booker</u> are retroactively applicable on collateral review has also concluded that they are not.  <u>Lloyd v. United States</u>, 407 F.3d 608 (3rd Cir. 2005), <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005).

[3] Petitioner contends in his "Traverse," (Docket No. 8), that § 2255 should be considered an inadequate or ineffective remedy, thereby allowing him to challenge his conviction or sentence in a § 2241 habeas petition, because he is raising a claim that (i) is based on a retroactively applicable Supreme Court decision, and (ii) would have been foreclosed by circuit court case law had it been raised in an earlier appeal or motion. Petitioner further contends that both of these conditions are satisfied here, but that is simply wrong.  <u>Never Misses A Shot</u> unequivocally refutes Petitioner's assertion that <u>Blakely</u> and <u>Booker</u> are retroactively applicable on collateral review.

– not any deficiency in the remedy provided by § 2255 – that precludes Petitioner from raising

his Blakely/Booker claims in a § 2255 motion.  According to Perez:

> "§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence.  Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062.  Therefore, even though Petitioner's claims are based on Blakely and

Booker, and even though those cases were not decided until more than a year after

Petitioner's conviction and sentence became final on direct appeal, it cannot be said that the

remedy provided by § 2255 is "inadequate or ineffective."  See Tineo v. LeBlanc, Civil No. 05-

318 (ADM/SRN) (D.Minn. 2005), 2005 WL 740520 at *2 ("Petitioner cannot claim, even with

respect to his Apprendi, Blakely, and Booker claims, that the remedy provided by § 2255 is

'inadequate or ineffective'").

## III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief

challenges the validity of the prison sentence imposed by the trial court; (2) such challenges

can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided

by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a

§ 2255 motion, because Petitioner is barred from seeking § 2255 relief under the one-year

statute of limitations that applies to such motions; and (4) Petitioner's present inability to seek

relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or

ineffective" so as to excuse him from § 2255's exclusive remedy rule.

Because the "inadequate or ineffective remedy" exception is not available to Petitioner, his present § 2241 habeas corpus petition challenging his 1990 federal prison sentence cannot be entertained here.  See Bauer v. Ashcroft, Civil No. 02-4068 (JRT/FLN) (D.Minn. 2003) (Tunheim, J.), 2003 WL 541692 at *2. The Court will therefore recommend that this action be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging judgment entered in a different district was properly dismissed for lack of subject matter jurisdiction, where Petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 be DISMISSED.


Dated: July 20, 2005

s/Jonathan Lebedoff

_____
JONATHAN LEBEDOFF
Chief Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 8, 2005.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the

hearing.